KETHLEDGE, Circuit Judge,
concurring.
Not every injury inflicted within a school building is “educational.” Here, F.H.’s allegations in support of his § 1983 claim included the following: that the aides who were supposed to clean him after he used the restroom (F.H. has cerebral palsy) instead often left him there unattended, including on one occasion when he suffered a seizure; that the aides who did accompany him to the restroom routinely refused to clean him, which caused him to return to class with feces in his underwear, which in turn subjected him to ridicule from students and teachers alike; that on one occasion an aide ridiculed F.H. until he banged his head against the bathroom wall in frustration; that on another occasion an aide *646 refused to assist F.H. and sent him back to class with bloody underwear; and that one aide sexually abused him “while in a private bathroom.”
To characterize F.H.’s injuries as “educational” is to belittle them. The gravamen of his claim is not that the conduct described in his complaint might reduce his SAT scores. The gravamen of his claim, rather, is that this conduct was an attack upon F.H.’s dignity as a human being. That injury was not remediable by some change to F.H.’s “Individualized Education Plan.” Nor was it by a mere promise not to let these things happen again. The remedy for F.H.’s injury, therefore, lay not in “the IDEA’S administrative procedures[.]” S.E. v. Grant Bd. Of Educ., 544 F.3d 633, 642 (6th Cir.2008). Instead his remedy lies in federal court, where F.H. can obtain not only compensation for his injuries, but recognition of what they actually were.